IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CONSTANCE MOSS,
    Plaintiff,

v.                                                                  Civil Action No. 3:17-cv-312-JAG

MANUFACTURERS AND TRADERS
TRUST COMPANY, et al,
    Defendants.

## OPINION

The complaint in this case makes astounding allegations. Wind and rain damaged Constance Moss's home in October 2015. Moss's homeowner's insurer soon issued a claim check for over $15,000. In a move she has lived to rue, Moss sent the check to her mortgage company, Manufacturers and Traders Trust Company ("M&T"). M&T kept the money, but would not use it to fix her house. Moss also tried a second-best approach: she asked M&T to at least apply the money to her mortgage. M&T still kept the money, but did not apply it to the loan. Then, to rub salt in Moss's wounds, M&T told credit reporting agencies that the loan was delinquent, without telling them that Moss had disputed M&T's claim.

But that's not all. At the direction of M&T's trustees on the deed of trust, ALG Trustee, LLC ("Atlantic") and Orlans, PC ("Orlans"), have initiated numerous foreclosure proceedings against Moss's property without proper authorization.

The complaint does not say what happened to the $15,000 insurance check. Reading the complaint in the light most favorable to Moss, it appears that the funds have gone, at best, to a bank controlled limbo. In any event, Moss does not have the money, no one has repaired her house, and the bank has not applied the money to her mortgage.

Notwithstanding these allegations, M&T, Atlantic, and Orlans now move to dismiss the case on the ground that nothing bad happened to Moss. Moss has sufficiently alleged that M&T failed to perform its required duties under the terms of her mortgage and under the various statutes protecting consumers from creditors, and the Court denies its motion to dismiss. Moss alleges viable claims against Orlans and Atlantic, and the Court denies their motion. There are generally two sides to any story, and it may well prove true that the defendants have acted with contractual kindness, but they cannot prevail on a motion to dismiss.

## I. BACKGROUND

Moss entered into a home mortgage in 2007. M&T now holds the note and services the loan. On October 2, 2015, wind and rain damaged Moss's roof. Moss then fell behind on her mortgage and, by November 20, 2015, had missed two payments. In December 2015, Moss received a claim check from her insurance company for $15,826.81, to repair the roof damage.

Moss's mortgage note says that if she defaults on her loan, the note holder may accelerate payments and demand the entire loan amount upon sending her a written notice 30 days before acceleration. The notice must inform Moss of the need to pay her outstanding balance and of the possible acceleration. The deed of trust contains a similar prerequisite as the note, and says that prior to acceleration or the initiation of foreclosure proceedings, M&T must send a notice that (1) specifies "the action required to cure the default" and (2) informs Moss of her "right to bring a court action to assert the non-existence of a default or any other defense." (Deed of Trust ¶ 22, Dk. No. 10-1.) On November 20, 2015, M&T sent Moss an acceleration notice that said "[i]n the event foreclosure proceedings are initiated, you have certain right(s), including the right to assert in the foreclosure proceedings the non-existence of default, the right to argue that you did keep the promises and agreements under the Note . . . [and the right] to raise any other applicable

2

defenses." (Am. Compl. ¶ 24, Dk. No. 10.) The notice also said that to cure the default, Moss had to pay $11,730.26, "plus any additional payments, fees, and late charges that become due between the date of this letter and the time your payment is received." (*Id.* ¶ 31.)

In January 2016, Moss endorsed the claim check to M&T. She also sent M&T an estimate from a contractor to fix the roof. Moss tried to contact M&T for a few months about the status of the repairs, and representatives told her that M&T was waiting for information from the contractor. Without making any repairs, M&T then initiated foreclosure but canceled the sale after Moss wrote a letter. M&T then sent another notice to Moss informing her that it planned to foreclose on her home but saying that M&T would give her 35 days to pay $12,174.20 in arrearages. Moss then independently gathered the documents needed from the contractor and sent them to M&T. She says that M&T never did anything or tried to repair her home. According to the deed of trust, M&T would apply insurance proceeds to restoration or repair of the home "if the restoration or repair is economically feasible and [M&T's] security is not lessened." (Am. Compl. ¶ 55.) If M&T deemed the repairs infeasible, then the deed of trust requires M&T to apply the insurance proceeds to the loan principal. Due to M&T's failure to repair, Moss says that M&T effectively elected not to repair the home and should have applied the claim check to her balance.

Moss also sent two Qualified Written Requests ("QWRs") to M&T in the spring of 2016, asking about a number of issues such as applying the insurance proceeds to her loan and about $7,800 in unexplained fees on her billing statement. M&T quickly responded to her letters by saying that it would apply the proceeds to her loan, but it never answered her questions about the $7,800. In March 2017, M&T then said that it would not apply the insurance proceeds to the mortgage because M&T needed them for necessary repairs. From the face of the amended

complaint, it remains unclear whether M&T has foreclosed upon the home. Defendants Atlantic and Orlans initiated foreclosure proceedings on multiple occasions but stopped them after Moss's objections.

## II. DISCUSSION[1]

Moss brings eleven counts in her amended complaint: Counts one through nine against M&T and Counts one, ten, and eleven against defendants Atlantic and Orlans. In Counts one and two Moss brings a breach of contract claim based on the defendants' failure to give proper notice prior to acceleration and foreclosure. She seeks a declaratory judgment in Count one that the defendants may not foreclose on her home and in Count two seeks compensatory damages. In Count three, Moss brings a breach of contract claim seeking a declaratory judgment for M&T's failure to apply her insurance proceeds to her loan; in Count four, she also seeks compensatory damages for this alleged breach. In Count five, Moss alleges a breach of the implied covenant of good faith and fair dealing. Count six brings an action for a violation of the federal Real Estate Settlement Procedures Act for failing to respond to her QWRs. Counts seven through nine allege that M&T violated the Fair Credit Reporting Act ("FCRA") by reporting a delinquency on Moss's mortgage and failing to properly investigate her disputes, failing to review all relevant information provided to it by the credit reporting agencies, and failing to

---

[1] A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

disclose Moss's disputes to the credit reporting agencies. Count ten alleges that Atlantic and Orlans breached their fiduciary duties as trustees. Finally, Count eleven alleges violations of the Fair Debt Collection Practices Act ("FDCPA") against Atlantic and Orlans.

## A. Breach of Contract Claims

In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Ulloa v. QSP, Inc.*, 271 Va. 72, 79 (2006) (quoting *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004)). Moss alleges plausible breach of contract claims based on M&T's failure to apply her insurance proceeds to her mortgage loan and its failure to provide a proper acceleration notice.

The parties here do not dispute the existence of a legally enforceable obligation. Instead, M&T says that it did not breach any agreement. The deed of trust at issue in this case requires M&T to apply insurance proceeds to her mortgage where a) the repair at issue is not economically feasible and b) M&T's security would not be lessened by doing so. M&T initially said in a letter that it would apply the insurance proceeds to Moss's principal, but almost a year later it sent another letter that said M&T would apply the insurance proceeds to repairs instead. Between the time M&T sent those two letters, Moss says that M&T repeatedly failed to follow up with a contractor to initiate repairs, despite her own efforts to move along the process, and she says that M&T never responded to her QWRs about the status of repairs. Based on these allegations, Moss makes a plausible claim that M&T's long delay in making repairs shows that it found the repairs economically infeasible, yet failed to apply the proceeds to her principal.

Although the deed of trust gives M&T the right to hold insurance proceeds long enough to inspect a contractor's repair work, the lengthy delay and course of inaction by M&T plausibly

allege a breach of the deed of trust. At the pleadings stage, this extended delay creates a reasonable inference that the repairs are not economically feasible and that the proceeds should have been applied to Moss's mortgage.

Finally, Moss adequately alleges damages because she claims that she could have brought her mortgage up to date had M&T applied the insurance proceeds to her mortgage balance. M&T disputes that assertion, but a motion to dismiss is not the proper avenue to attack the factual accuracy of the complaint. Moss alleges a plausible breach of contract.

Moss also alleges sufficient facts to support her claim that M&T failed to provide a proper acceleration notice. She says M&T's failure to apply her insurance proceeds to the insurance principal resulted in the acceleration notice overstating the amount owed and that M&T included $7,800 in inappropriate fees. In support of its motion to dismiss, M&T challenges those assertions based on documents outside of the complaint, but M&T must make those defenses at summary judgment or at trial, and not at this stage. The Court denies M&T's motion to dismiss on these grounds.

Atlantic and Orlans also move to dismiss Count one by arguing that they are not parties to the contracts at issue and that M&T may not bring a breach of contract claims against them. Such is not the case. Moss seeks a declaratory judgment stating that Atlantic and Orlans cannot, under the terms of the loan and deed of trust, foreclose upon her home until M&T has met certain conditions precedent. Moss is not actually claiming that Atlantic and Orlans have breached the contract, but she instead seeks judgment that they cannot foreclose until pre-conditions to foreclosure have been met. The Court denies Atlantic and Orlans' motion to dismiss Count one.

### B. *Implied Covenant of Good Faith and Fair Dealing Claim*

The implied covenant of good faith and fair dealing is not quite the dead letter M&T says it is. *SunTrust Mortg., Inc. v. Mortgages Unlimited, Inc.*, No. 3:11CV861-HEH, 2012 WL 1942056, at *3 (E.D. Va. May 29, 2012) ("[A]lthough the duty of good faith does not prevent a party from exercising its explicit contractual rights, a party may not exercise contractual discretion in bad faith, even when such discretion is vested solely in that party.") (citing *Va. Vermiculite, Ltd. v. W.R. Grace & Co.*, 156 F.3d 535, 542 (4th Cir. 1998)). In the present case, Moss says that M&T repeatedly failed to apply insurance proceeds to her mortgage after initially saying that it would and that M&T then failed—for over a year—to work towards using those insurance proceeds to repair the damage to her home. Moss's amended complaint details many letters and phone calls in which she sought to get M&T's assistance in repairing her home, and she even contacted a contractor herself to get signatures that M&T said it needed. Although M&T had discretion to approve of repairs before authorizing them, Moss alleges a plausible claim that M&T carried out that discretion in bad faith. The Court denies M&T's motion to dismiss this claim.

### C. *Real Estate Settlement Procedures Act Claim*

To state a claim under the Real Estate Settlement Procedures Act ("RESPA"), "a plaintiff must allege facts to support that: (1) the defendant is a loan servicer, (2) the plaintiff sent the defendant a valid QWR, (3) the defendant failed to adequately respond within the statutory period, and (4) the plaintiff is entitled to actual or statutory damages." *Tieffert v. Equifax Info. Servs., LLC*, No. 3:14CV609–HEH, 2014 WL 7240263, at *5 (E.D. Va. Dec. 19, 2014) (citing *Bowman v. Vantium Capital, Inc.*, 2014 U.S. Dist. LEXIS 3558, at *9–10, 2014 WL 109463

(W.D.Va. Jan. 13, 2014)). The parties only dispute the last two elements. Moss alleges sufficient facts to survive M&T's 12(b)(6) motion.

In the spring of 2016, Moss sent two QWRs in which she (1) asked M&T about the status of the insurance proceeds; (2) requested that M&T apply the proceeds to her loan balance in order to bring her loan up to date; (3) requested that M&T stop its planned foreclosure sale; and (4) asked for an explanation of the $7,800 in fees on her account. M&T's briefing does not address its failure to respond to her request about the $7,800 in fees. Further, M&T's response to the QWRs incorrectly stated that it would apply her insurance proceeds to her loan, and months later it reneged on that statement and said it would not actually apply the proceeds to her loan. As a result of M&T's insufficient responses, Moss alleges that she has suffered damage to her credit, incurred fees and interest on her mortgage, and spent money to prevent the foreclosure on her home. Moss has therefore alleged a plausible violation of RESPA.

### D. *Fair Credit Reporting Act Claims*

Moss plausibly alleges that M&T violated the FCRA by failing to denote her delinquency as disputed. M&T essentially argues that the information sent to the credit agencies was not in fact false due to Moss's failure to pay. In response, Moss says that she had disputed the status of her delinquency and that M&T failed to report this dispute in its reports. Even if Moss had defaulted on her loan, the failure to report the existence of a dispute has been held to support a violation of the statute. *Armeni v. Trans Union LLC, Inc.*, No. 3:15-cv-00066-NKM, 2016 WL 4098540, at *7 (W.D. Va. July 28, 2016), *reconsideration denied sub nom. Armeni v. Transunion LLC, Inc.*, 2016 WL 5317593 (W.D. Va. Sept. 22, 2016). M&T fails to respond to this argument in its reply brief. Moss has alleged plausible violations of the FCRA.

### E. Breach of Fiduciary Duties Claim

Moss asserts a plausible breach of fiduciary duty claim against Atlantic and Orlans. This Court has found that "'deeds of trust are treated under the same principles as contracts, and the trustee only owes those duties that are listed in the deed of trust itself.'" *Wilson–McClain v. Specialized Loan Servicing, LLC*, No. 3:15CV541-MHL, 2016 WL 5662002, at *4 (E.D. Va. Sept. 29, 2016) (quoting *Carter v. Countrywide Home Loans, Inc.*, No. 3:07cv651, 2008 WL 4167931, at *11 (E.D. Va. Sept. 3, 2008)). In *Squire v. Virginia Hous. Dev. Auth.*, 287 Va. 507, 518, 758 S.E.2d 55, 61 (2014), however, the Supreme Court of Virginia found that the plaintiff stated a plausible claim for a breach of fiduciary duty by failing to comply with a condition precedent to foreclosure—there, a requirement that the bank and the trustee have a face-to-face meeting with the borrower. *Id.* Although the *Squire* court did not outline the parameters of a breach of fiduciary duty claim, it creates a plausible argument that Atlantic and Orlans owed a duty not to initiate foreclosure proceedings without M&T giving her proper notice. Here, Moss claims that Atlantic knew that M&T had not given her notice but nonetheless initiated foreclosure proceedings on multiple occasions. She has alleged a plausible claim under Virginia law.

### F. Fair Debt Collection Practices Act Claim

Moss alleges that Atlantic and Orlans violated the FDCPA by initiating foreclosure proceedings against her without proper authorization. To show an FDCPA violation, a plaintiff must allege that the plaintiff has been subjected to collection activity, the defendant is a debt collector, and that the defendant has committed an act or omission that violates the FDCPA. *Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010), aff'd, 442 F. App'x 816 (4th Cir. 2011) (citation omitted). The defendants take issue only with the final element by

claiming they did not have a duty to act with due diligence. The FDCPA is a strict liability statute, however, with a limited exception for bona fide debt collectors who violate the statute unintentionally and as a result of a "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *McLean v. Ray*, 488 F. App'x 677, 682 (4th Cir. 2012). Moss alleges that Atlantic and Orlans knew they lacked the power to foreclose but initiated proceedings anyway. This states a plausible claim for relief at this stage of the litigation.

### III. CONCLUSION

Moss has alleged viable causes of action in each count of her amended complaint, and the Court denies the motions to dismiss.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: March 13, 2018
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge