**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | | |
|---|---|---|
| Constance Moss, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:17-cv-00312 (JAG) |
| | ) | |
| Manufacturers and Traders Trust | ) | |
| Company d/b/a M&T Bank, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ANSWER</u>**

COME NOW Defendants ALG Trustee, LLC ("ALG") and Orlans, PC ("Orlans"), by counsel, and for their Answer to the Amended Complaint in this matter, state as follows:

1.     The allegations in paragraph one (1) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

2.     The allegations in paragraph two (2) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

3.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph three (3) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

4.     Defendants ALG and Orlans admit, upon information and belief, the allegations set forth in paragraph four (4) of the Amended Complaint.

5.     Defendants ALG and Orlans admit that ALG Trustee, LLC, is a for profit limited liability company organized under the laws of the Commonwealth of Virginia.  To the extent that

1

the allegations set forth in paragraph five (5) of the Amended Complaint are contrary to this statement, said allegations are denied.

6.      Defendants ALG and Orlans admit that Orlans PC is a for profit professional corporation organized under the laws of the state of Michigan.  Defendants ALG and Orlans admit that Orlans PC merged with two other entities, including Atlantic Law Group, LLC, with Orlans PC being the surviving entity of said merger.  With regard to the remaining allegations set forth in paragraph six (6) of the Amended Complaint, Defendants ALG and Orlans deny said allegations as phrased.

7.      The allegations in paragraph seven (7) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

8.      Defendants ALG and Orlans admit, upon information and belief, that Superior Home Mortgage Corporation loaned $115,000.00 to the Plaintiff on or about August 27, 2007. Defendants ALG and Orlans admit, upon information and belief, that said loan was evidenced by a promissory note and secured by a deed of trust which were executed by the Plaintiff. Defendants ALG and Orlans admit, upon information and belief, that the document attached as Exhibit A to the Amended Complaint is dated August 27, 2007, identifies Plaintiff Constance Moss as the borrower therein, identifies Superior Home Mortgage Corporation as the lender therein, identifies Janice E. Garlitz, P.C., as the trustee therein, and is in the original principal amount of $115,000.00. The document attached as Exhibit A to the Amended Complaint appears not to contain recordation information.  However, Defendants ALG and Orlans admit, upon information and belief, that the original of the deed of trust attached as Exhibit A to the Amended Complaint was recorded among the land records of the Circuit Court of the City of Richmond on September 14, 2007, as Instrument Number 070031156. To the extent that the

2

allegations set forth in paragraph eight (8) of the Amended Complaint are contrary to this statement, said allegations are denied.

9.      Defendants ALG and Orlans admit, upon information and belief, the allegations made in paragraph nine (9) of the Amended Complaint.

10.      Defendants ALG and Orlans admit, upon information and belief, that the document attached as Exhibit A to the Amended identifies Janice E. Garlitz, P.C., as the trustee therein.

11.      With regard to the allegations in the first sentence of paragraph eleven (11) of the Amended Complaint, said allegations constitute conclusions of law and do not require an answer thereto; to the extent an answer is required, the allegations are denied.  Defendants ALG and Orlans admit, upon information and belief, that Defendant M&T Bank has asserted that it is and/or was the holder of the promissory note.  Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations in paragraph eleven (11) regarding the servicing of the loan; to the extent an answer is required, the allegations are denied.

12.      Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph twelve (12) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

13.      Defendants ALG and Orlans admit, upon information and belief, that the Plaintiff was in default of the promissory note.  With regard to the remaining allegations set forth in paragraph thirteen (13) of the Amended Complaint, Defendants ALG and Orlans deny, upon information and belief, said allegations as phrased.

14.      Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph fourteen (14) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

3

15.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph fifteen (15) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

16.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph sixteen (16) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

17.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph seventeen (17) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

18.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph eighteen (18) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

19.     Defendants ALG and Orlans admit, upon information and belief, that portions of the language contained in paragraph six (6) of the promissory note are set forth in paragraph nineteen (19) of the Amended Complaint.

20.     Defendants ALG and Orlans admit, upon information and belief, that portions of the language contained in paragraph twenty-two (22) of the deed of trust are set forth in paragraph twenty (20) of the Amended Complaint.

21.     Defendants ALG and Orlans admit, upon information and belief, that the document attached as Exhibit A to the Amended Complaint identifies Plaintiff Constance Moss as borrower therein.  With regard to the remaining allegations set forth in paragraph twenty-one (21) of the Amended Complaint, said allegations constitute conclusions of law and do not require an answer thereto; to the extent an answer is required, the allegations are denied.

22.     The allegations in paragraph twenty-two (22) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

23.     The allegations in paragraph twenty-three (23) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

24.     The allegations in paragraph twenty-four (24) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

25.     With regard to the first sentence in paragraph twenty-five (25) of the Amended Complaint, Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny said allegations.  With regard to the remaining allegations in paragraph twenty-five (25) of the Amended Complaint, said allegations constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

26.     The allegations in paragraph twenty-six (26) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

27.     The allegations in paragraph twenty-seven (27) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

28.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph twenty-eight (28) of the Amended Complaint. To the extent an answer is required, the allegations are denied.

29.     The allegations in paragraph twenty-nine (29) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

30.     The allegations in paragraph thirty (30) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

31.     The allegations in paragraph thirty-one (31) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

32.     The allegations in paragraph thirty-two (32) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

33.     The allegations in paragraph thirty-three (33) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

34.     The allegations in paragraph thirty-four (34) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

35.     The allegations in paragraph thirty-five (35) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

36.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph thirty-six (36) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

37.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph thirty-seven (37) of the Amended Complaint. To the extent an answer is required, the allegations are denied.

38.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph thirty-eight (38) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

39.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph thirty-nine (39) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

40.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph forty (40) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

41.     Defendants ALG and Orlans admit, upon information and belief, that portions of the language contained in the document attached to the Amended Complaint as Exhibit D are set forth in paragraph forty-one (41) of the Amended Complaint.

42.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph forty-two (42) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

43.     Defendants ALG and Orlans admit that Defendant M&T Bank executed a substitution of trustee type of document which appointed ALG Trustee, LLC, as the substitute trustee under the deed of trust.  Defendants ALG and Orlans admit that Defendant M&T Bank referred and/or otherwise requested that Defendant ALG Trustee, LLC, in its capacity as a substitute trustee, initiate and/or otherwise prosecute a foreclosure under the deed of trust.

44.     Defendants ALG and Orlans admit that Defendant M&T Bank referred and/or otherwise requested that Defendant ALG Trustee, LLC, in its capacity as a substitute trustee, initiate and/or otherwise prosecute a foreclosure under the deed of trust.  Defendants ALG and Orlans admit that ALG, in its capacity as a substitute trustee, did thereafter cause a notice of foreclosure type of advertisement to be placed in the Richmond Times-Dispatch in regard to a foreclosure sale set for March 2, 2016, on the property commonly known as 1013 Willow Lawn Drive, Richmond, Virginia.

45.     Defendants ALG and Orlans admit that they received a letter which is dated February 24, 2016, and which purports to be from Drew D. Sarrett, Esq.  Defendants ALG and Orlans admit that the foreclosure scheduled for March 2, 2016, did not occur.

46.     Defendants ALG and Orlans admit that Atlantic Law Group, LLC (by and/or through its employees and/or agents), did cause to be mailed the original of the document attached as Exhibit E to the Amended Complaint.  With regard to the remaining allegations in paragraph forty-six (46) of the Amended Complaint, said allegations constitute conclusions of law and do not require an answer thereto; to the extent an answer is required, the allegations are denied.

47.     Defendants ALG and Orlans admit that the document attached to the Amended Complaint as Exhibit F does contain a line item for "fees" in the amount of $7,800.00.  With regard to the remaining allegations in said paragraph, said allegations constitute conclusions of law and do not require an answer thereto; to the extent an answer is required, the allegations are denied.

48.     The allegations in paragraph forty-eight (48) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

49.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph forty-nine (49) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

50.     Defendants ALG and Orlans admit that Defendant M&T Bank executed a substitution of trustee type of document which appointed ALG Trustee, LLC, as the substitute trustee under the deed of trust.  Defendants ALG and Orlans admit that Defendant M&T Bank referred and/or otherwise requested that Defendant ALG Trustee, LLC, in its capacity as a substitute trustee, initiate and/or otherwise prosecute a foreclosure under the deed of trust.

51.     Defendants ALG and Orlans admit that ALG, in its capacity as a substitute trustee, did cause a notice of foreclosure type of advertisement to be placed in the Richmond Times-Dispatch in regard to a foreclosure sale set for June 15, 2016, on the property commonly known as 1013 Willow Lawn Drive, Richmond, Virginia.

52.     Defendants ALG and Orlans admit that portions of the language contained in the document attached to the Amended Complaint as Exhibit G are set forth in paragraph fifty-two (52) of the Amended Complaint.

53.     Defendants ALG and Orlans admit that they received a letter which is dated June 3, 2016, and which purports to be from Drew D. Sarrett, Esq.  With regard to the remaining allegations in paragraph fifty-three (53) of the Amended Complaint, Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny said allegations; to the extent an answer is required, the allegations are denied.

54.     The allegations in paragraph fifty-four (54) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

55.     Defendants ALG and Orlans admit that portions of the language contained in the document attached to the Amended Complaint as Exhibit H are set forth in paragraph fifty-five (55) of the Amended Complaint.

56.     Without the identification of the identity of the attorney referenced in paragraph fifty-six (56) of the Amended Complaint, Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny said allegations.  To the extent an answer is required, the allegations are denied.

57.     Defendants ALG and Orlans admit, upon information and belief, that counsel for the Plaintiff did file a Complaint in the Circuit Court of the City of Richmond on or about June 9, 2016.  With regard to the averments in said Complaint, Defendants ALG and Orlans state that said Complaint speaks for itself.

58.     Defendants ALG and Orlans admit that the foreclosure sale on the property commonly known as 1013 Willow Lawn Drive, Richmond, Virginia, scheduled for June 15, 2016 did not occur.

59.     The allegations in paragraph fifty-nine (59) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

60.     The allegations in paragraph sixty (60) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

61.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph sixty-one (61) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

62.     Defendants ALG and Orlans admit that portions of the language contained in the document attached to the Amended Complaint as Exhibit I are set forth in paragraph sixty-two (62) of the Amended Complaint.

63.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph sixty-three (63) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

64.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph sixty-four (64) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

65.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph sixty-five (65) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

66.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph sixty-six (66) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

67.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph sixty-seven (67) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

68.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph sixty-eight (68) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

69.     Defendants ALG and Orlans admit that Defendant M&T Bank executed a substitution of trustee type of document which appointed ALG Trustee, LLC, as the substitute trustee under the deed of trust.  Defendants ALG and Orlans admit that Defendant M&T Bank

referred and/or otherwise requested that Defendant ALG Trustee, LLC, in its capacity as a substitute trustee, initiate and/or otherwise prosecute a foreclosure under the deed of trust.

70.     Defendants ALG and Orlans admit that ALG, in its capacity as a substitute trustee, did cause a notice of foreclosure type of advertisement to be placed in the Richmond Times-Dispatch in regard to a foreclosure sale set for April 5, 2017, on the property commonly known as 1013 Willow Lawn Drive, Richmond, Virginia.

71.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph seventy-one (71) of the Amended Complaint. To the extent an answer is required, the allegations are denied.

72.     The allegations in paragraph seventy-two (72) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

73.     The allegations in paragraph seventy-three (73) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

74.     The allegations in paragraph seventy-four (74) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

75.     The allegations in paragraph seventy-five (75) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

76.     The allegations in paragraph seventy-six (76) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

77.     The allegations in paragraph seventy-seven (77) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

78.     The allegations in paragraph seventy-eight (78) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

79.     The allegations in paragraph seventy-nine (79) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

80.     Defendants ALG and Orlans is without sufficient information or knowledge to admit or deny the allegations made in paragraph eighty (80) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

81.     Defendants ALG and Orlans admit that the foreclosure sale on the property commonly known as 1013 Willow Lawn Drive, Richmond, Virginia scheduled for April 5, 2017, did not occur.

82.     The allegations in paragraph eighty-two (82) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

83.     Defendants ALG and Orlans incorporate by reference their responses to paragraphs one (1) through eighty-two (82) herein.

84.     The allegations in paragraph eighty-four (84) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

85.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph eighty-five (85) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

86.     The allegations in paragraph eighty-six (86) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

87.     Defendants ALG and Orlans incorporate by reference their responses to paragraphs one (1) through eighty-six (86) herein.

88.     Defendants ALG and Orlans admit that portions of the language contained in paragraph five (5) of the deed of trust are set forth in eighty-eight (88) of the Amended Complaint.

89.     Defendants ALG and Orlans admit that portions of the language contained in paragraph two (2) of the deed of trust are set forth in eighty-nine (89) of the Amended Complaint.

90.     The allegations in paragraph ninety (90) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

91.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph ninety-one (91) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

92.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph ninety-two (92) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

14

93.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph ninety-three (93) of the Amended Complaint. To the extent an answer is required, the allegations are denied.

94.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph ninety-four (94) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

95.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph ninety-five (95) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

96.     The allegations in paragraph ninety-six (96) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

97.     The allegations in paragraph ninety-seven (97) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

98.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph ninety-eight (98) of the Amended Complaint. To the extent an answer is required, the allegations are denied.

99.     The allegations in paragraph ninety-nine (99) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

100.    The allegations in paragraph one hundred (100) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

15

101.     The allegations in paragraph one hundred one (101) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

102.     The allegations in paragraph one hundred two (102) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

103.     Defendants ALG and Orlans incorporate by reference their responses to paragraphs one (1) through one hundred two (102) herein

104.     The allegations in paragraph one hundred four (104) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

105.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred five (105) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

106.     The allegations in paragraph one hundred six (106) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

107.     Defendants ALG and Orlans incorporate by reference their responses to paragraphs one (1) through one hundred six (106) herein.

108.     The allegations in paragraph one hundred eight (108) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

109.     The allegations in paragraph one hundred nine (109) of the Amended Complaint constitute conclusions of law and do not require an answer.  To the extent an answer is required, the allegations are denied.

110.     The allegations in paragraph one hundred ten (110) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

111.     The allegations in paragraph one hundred eleven (111) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

112.     Defendants ALG and Orlans is without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred twelve (112) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

113.     The allegations in paragraph one hundred thirteen (113) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

114.     Defendants ALG and Orlans incorporate by reference their responses to paragraphs one (1) through one hundred thirteen (113) herein.

115.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred fifteen (115) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

116.     The allegations in paragraph one hundred sixteen (116) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

117.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred seventeen (117) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

118.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred eighteen (118) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

119.    The allegations in paragraph one hundred nineteen (119) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

120.    The allegations in paragraph one hundred twenty (120) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

121.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred twenty-one (121) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

122.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred twenty-two (122) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

123.    The allegations in paragraph one hundred twenty-three (123) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

124.    Defendants ALG and Orlans incorporate by reference their responses to paragraphs one (1) through one hundred twenty-three (123) herein.

125.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred twenty-five (125) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

126.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred twenty-six (126) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

127.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred twenty-seven (127) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

128.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred twenty-eight (128) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

129.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred twenty-nine (129) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

130.    The allegations in paragraph one hundred thirty (130) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

131.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred thirty-one (131) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

132.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred thirty-two (132) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

133.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred thirty-three (133) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

134.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred thirty-four (134) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

135.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred thirty-five (135) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

136.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred thirty-six (136) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

137.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred thirty-seven (137) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

138.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred thirty-eight (138) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

139.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred thirty-nine (139) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

140.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred forty (140) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

141.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred forty-one (141) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

142.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred forty-two (142) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

143.     The allegations in paragraph one hundred forty-three (143) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

144.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred forty-four (144) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

145.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred forty-five (145) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

146.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred forty-six (146) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

147.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred forty-seven (147) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

148.     The allegations in paragraph one hundred forty-eight (148) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

149.     Defendants ALG and Orlans incorporate by reference their responses to paragraphs one (1) through one hundred forty-eight (148) herein.

150.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred fifty (150) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

151.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred fifty-one (151) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

152.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred fifty-two (152) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

153.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred fifty-three (153) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

154.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred fifty-four (154) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

155.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred fifty-five (155) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

156.     The allegations in paragraph one hundred fifty-six (156) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

157.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred fifty-seven (157) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

158.    The allegations in paragraph one hundred fifty-eight (158) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

159.    Defendants ALG and Orlans incorporate by reference their responses to paragraphs one (1) through one hundred fifty-eight (158) herein.

160.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred sixty (160) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

161.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred sixty-one (161) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

162.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred sixty-two (162) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

163.    The allegations in paragraph one hundred sixty-three (163) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

164.    Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred sixty-four (164) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

165.     The allegations in paragraph one hundred sixty-five (165) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

166.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred sixty-six (166) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

167.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred sixty-seven (167) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

168.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred sixty-eight (168) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

169.     Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred sixty-nine (169) of the Amended Complaint.  To the extent an answer is required, the allegations are denied.

170.     The allegations in paragraph one hundred seventy (170) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

171.     The allegations in paragraph one hundred seventy-one (171) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

172.     Defendants ALG and Orlans incorporate by reference their responses to paragraphs one (1) through one hundred seventy-one (171) herein.

173.     Defendants ALG and Orlans admit that Orlans PC merged with two other entities, including Atlantic Law Group, LLC, with Orlans PC being the surviving entity of said merger. Defendants ALG and Orlans admit that, prior to said merger, Atlantic Law Group, LLC (by and/or through its attorney(s)), did represent ALG Trustee, LLC, in various lawsuits.  With regard to the remaining allegation in said paragraph, Defendants ALG and Orlans deny said allegations.

174.     Defendants ALG and Orlans deny the allegations in paragraph one hundred seventy-four (174) of the Amended Complaint.

175.     Defendants ALG and Orlans deny the allegations in paragraph one hundred seventy-five (175) of the Amended Complaint.

176.     Defendants ALG and Orlans deny the allegations in paragraph one hundred seventy-six (176) of the Amended Complaint.

177.     Defendants ALG and Orlans admit that ALG Trustee, LLC, and Atlantic Law Group, LLC, were separate and distinct business entities.  Defendants ALG and Orlans admit that the members of Atlantic Law Group, LLC, were Alison Orlans and Linda Orlans. Defendants ALG and Orlans admit that the members of ALG Trustee, LLC, are Alison Orlans and Linda Orlans.  Defendants ALG and Orlans admit that some individuals were agents, officers, employees, and/or representatives of both Atlantic Law Group, LLC, and ALG Trustee, LLC.  Defendants ALG and Orlans admit that employees and/or agents of Atlantic Law Group, LLC, did communicate with individuals regarding foreclosures of property located in Virginia. To the extent that the allegations set forth in paragraph one hundred seventy-seven (177) of the Amended Complaint are contrary to these statements, said allegations are denied.

178.     Defendants ALG and Orlans deny the allegations in paragraph one hundred seventy-eight (178) of the Amended Complaint.

25

179.    Defendants ALG and Orlans admit that ALG Trustee, LLC, and Atlantic Law Group, LLC, were separate and distinct business entities.  Defendants ALG and Orlans admit that the members of Atlantic Law Group, LLC, were Alison Orlans and Linda Orlans.  Defendants ALG and Orlans admit that the members of ALG Trustee, LLC, are Alison Orlans and Linda Orlans.  Defendants ALG and Orlans deny that Linda Orlans is the chief executive officer of ALG Trustee, LLC.  Defendants ALG and Orlans deny that, at all times, all other officers of ALG Trustee, LLC, were either employees and/or principals of Atlantic Law Group, LLC.  Defendants ALG and Orlans admit that currently all other officers of ALG Trustee, LLC, are employees and/or principals of Orlans PC.

180.    Defendants ALG and Orlans deny the allegations set forth in paragraph one hundred eighty (180) of the Amended Complaint.

181.    With regard to the first sentence in paragraph one hundred eighty-one (181) of the Amended Complaint, to the extent said allegation asserts that ALG Trustee is a debt collector, the allegation constitutes a conclusion of law and does not require an answer thereto; to the extent an answer is required, the allegation is denied.  As the first sentence does not define "those," Defendants ALG and Orlans are presently without sufficient information to admit or deny the remaining allegations in that sentence; to the extent an answer is required, the allegations are denied.  Defendants ALG and Orlans deny the remaining allegations in paragraph one hundred eighty-one (181) of the Amended Complaint.

182.    The allegations in paragraph one hundred eighty-two (182) of the Amended Complaint regarding the existence of a contractual relationship constitute conclusions of law and do not require an answer thereto; to the extent an answer is required, the allegations are denied.  Any remaining allegations are denied.

26

183.    Defendants ALG and Orlans deny the allegations set forth in paragraph one hundred eighty-three (183) of the Amended Complaint.

184.    Defendants ALG and Orlans deny the allegations set forth in paragraph one hundred eighty-four (184) of the Amended Complaint.

185.    Defendants ALG and Orlans deny the allegations set forth in paragraph one hundred eighty-five (185) of the Amended Complaint.

186.    Defendants ALG and Orlans deny the allegations set forth in paragraph one hundred eighty-six (186) of the Amended Complaint.

187.    The allegations in paragraph one hundred eighty-seven (187) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

188.    The allegations in paragraph one hundred eighty-eight (188) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

189.    The allegations in paragraph one hundred eighty-nine (189) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

190.    The allegations in paragraph one hundred ninety (190) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

191.    The allegations in paragraph one hundred ninety-one (191) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

192.    The allegations in paragraph one hundred ninety-two (192) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

193.    Defendants ALG and Orlans deny the allegations set forth in paragraph one hundred ninety-three (193) of the Amended Complaint.

194.    Defendants ALG and Orlans deny the allegations set forth in paragraph one hundred ninety-four (194) of the Amended Complaint.

195.    Defendants ALG and Orlans deny the allegations set forth in paragraph one hundred ninety-five (195) of the Amended Complaint.

196.    Defendant ALG and Orlans deny that they violated any alleged duty in the Amended Complaint.  Otherwise, Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph one hundred ninety-six (196) of the Amended Complaint; to the extent an answer is required, the allegations are denied.

197.    The allegations in paragraph one hundred ninety-seven (197) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

198.    Defendants ALG and Orlans incorporate by reference their responses to paragraphs one (1) through one hundred ninety-seven (197) herein.

199.    The allegations in paragraph one hundred ninety-nine (199) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

200.    Defendants ALG and Orlans admit that, in the past, Atlantic Law Group, LLC, is and/or was a law firm.  With regard to the remaining allegations in paragraph two hundred (200) of the Amended Complaint, Defendants ALG and Orlans deny said allegations.

201.   Defendants ALG and Orlans deny the allegations set forth in paragraph one two hundred one (201) of the Amended Complaint.

202.   The allegations in paragraph two hundred two (202) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

203.   Defendants ALG and Orlans admit that, in the past, Atlantic Law Group, LLC, is and/or was a law firm wherein its employees made telephone calls to individuals and entities in Virginia.  Defendants ALG and Orlans admit that, in the past, Atlantic Law Group, LLC, is and/or was a law firm wherein its employees mailed documents by way of the United States mail to individuals and entities in Virginia With regard to the remaining allegations in paragraph two hundred three (203) in the Amended Complaint, said allegations constitute conclusions of law and do not require an answer thereto; to the extent an answer is required, the allegations are denied.

204.   The allegations in paragraph two hundred four (204) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

205.   The allegations in paragraph two hundred five (205) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

206.   Defendant ALG and Orlans deny that they violated the FDCPA (or any portion) thereof).  Otherwise, the allegations in paragraph two hundred six (206) of the Amended Complaint constitute conclusions of law and do not require an answer thereto; to the extent an answer is required, the allegations are denied.

207.     Paragraph two hundred seven (207) of the Amended Complaint references a letter; however, the Amended Complaint does not include a copy of the referenced for comparison purposes.  Therefore, Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in said paragraph.  To the extent an answer is required, the allegations are denied.

208.     The allegations in paragraph two hundred eight (208) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

209.     Defendant ALG and Orlans deny that they violated the FDCPA (or any portion) thereof).  Otherwise, the allegations in paragraph two hundred nine (209) of the Amended Complaint constitute conclusions of law and do not require an answer thereto; to the extent an answer is required, the allegations are denied.

210.     The allegations in paragraph two hundred ten (210) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

211.     Defendant ALG and Orlans deny that they violated the FDCPA (or any portion) thereof).  Otherwise, the allegations in paragraph two hundred eleven (211) of the Amended Complaint constitute conclusions of law and do not require an answer thereto; to the extent an answer is required, the allegations are denied.

212.     Defendant ALG and Orlans deny that they violated the FDCPA (or any portion) thereof).  Otherwise, the allegations in paragraph two hundred twelve (212) of the Amended Complaint constitute conclusions of law and do not require an answer thereto; to the extent an answer is required, the allegations are denied.

213.    Defendant ALG and Orlans deny that they violated the FDCPA (or any portion) thereof).  Otherwise, Defendants ALG and Orlans are without sufficient information or knowledge to admit or deny the allegations made in paragraph two hundred thirteen (213) of the Amended Complaint; to the extent an answer is required, the allegations are denied.

214.    The allegations in paragraph two hundred fourteen (214) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

215.    The allegations in paragraph two hundred fifteen (215) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

216.    The allegations in paragraph two hundred sixteen (216) of the Amended Complaint constitute conclusions of law and do not require an answer thereto.  To the extent an answer is required, the allegations are denied.

217.    Any allegation not otherwise responded to in this Answer is hereby denied.

<u>AFFIRMATIVE DEFENSES</u>

218.    To the extent applicable, the claims of the Plaintiff are barred by the applicable statute of limitations, the doctrine of laches, and/or statute of repose.

219.    To the extent applicable, the claims of the Plaintiff are barred by her failure to satisfy any applicable conditions precedent.

220.    To the extent applicable, the claims of the Plaintiff are barred by the Doctrine of Unclean Hands and/or other conduct engaged in it and/or any other interested person's or entity's conduct that otherwise would bar any legal and/or equitable relief.

221.    To the extent applicable, the claims of the Plaintiff are barred by the doctrine of waiver, estoppel, and/or unjust enrichment.

222.     To the extent applicable, in the alternative and without admitting any liability of any kind or nature, Defendants ALG and Orlans assert and/or otherwise reserve the right to assert any rights and/or defenses that they may possess under 15 U.S.C. § 1692k (including specifically sub-section "c" thereunder).

WHEREFORE, Defendants ALG Trustee, LLC, and Orlans PC, by counsel, respectfully request that this Court dismiss the Amended Complaint with prejudice, award their costs and fees incurred, protect their interests as described herein and/or otherwise in this matter, and grant said Defendants such further relief as it is otherwise entitled to under the law.


Dated: March 27, 2018                              Respectfully Submitted,


                                                   _____ /s/ Kristin A. Zech_____
                                                   Amy S. Owen, Esq. (VSB No. 27692)
                                                   Kristin A. Zech, Esq. (VSB No. 68826)
                                                   BrigliaHundley, P.C.
                                                   1921 Gallows Road, Suite 750
                                                   Tysons Corner, VA  22182
                                                   Ph. (703) 883-0880
                                                   Fax. (703) 883-0899
                                                   aowen@brigliahundley.com
                                                   kzech@brigliahundley.com
                                                   *Counsel for Defendants ALG Trustee, LLC and Orlans, PC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2018, I electronically filed the foregoing pleadings with the Clerk of court using CM-ECF system, which will send notice of said filing (NEF) to named parties below and a copy of the above-document was mailed, postage pre-paid, on March 27, 2018, to the following individuals:

Drew D. Sarrett, Esq.                     Lisa Hudson Kim, Esq.
The Sarrett Law Firm, PLLC                Samuel I. White, P.C.
513 Forest Avenue, Suite 205              5040 Corporate Woods Drive, Suite 1220
Richmond, VA 23229                        Virginia Beach, VA 23462


_____/s/ Kristin A. Zech_____
Amy S. Owen, Esq. (VSB No. 276920)
Kristin A. Zech, Esq. (VSB No. 68826)
BrigliaHundley, P.C.
1921 Gallows Road, Suite 750
Tysons Corner, VA  22182
aowen@brigliahundley.com
kzech@brigliahundley.com
Ph: (703) 883-0880
Fax: (703) 883-0899
*Counsel for Defendants ALG Trustee, LLC and Orlans, PC*